**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GREGORY J. TANGUAY, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:09-CV-2238-RWS |
| WACHOVIA BANK, NATIONAL ASSOCIATION,<br>Defendant. | : |
| v. | : |
| LYNN C. MARTIN,<br>Third-Party Defendant. | |

**ORDER**

This case comes before the Court on Defendant Wachovia Bank National Association's ("Wachovia") Motion for Summary Judgment [22]. Plaintiff filed this suit alleging negligence and breach of contract. Cmpl., Dkt. No. [1-3] at 3-6. He alleges that 120 unauthorized overdraft-protection transfers occurred in his account to satisfy Third-Party Defendant Lynn Martin's overdrafts in her individual account. Id. at 2-3; SMF, Dkt. No. [22-3] at ¶¶ 10, 12.  Ultimately, Plaintiff argues that those accounts should never have been tied by Wachovia. Cmpl., Dkt. No. [1-3] at 2-3.

AO 72A
(Rev.8/82)

Defendant's sole argument on summary judgment is that under the account's deposit agreement, which required Plaintiff to report any unauthorized transaction within forty days, all of Plaintiff's claims are untimely. Dkt. No. [22-1] at 2-3.  In return, Plaintiff argues that he was not provided with such agreement and that Defendant has pointed to no evidence that Plaintiff received or signed it.  Dkt. No. [26] at 1-2; Tanguay Aff., Dkt. No. [26-2] at ¶ 2.

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.

2

2d 265 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.

3

Ct. 1348, 89 L. Ed. 2d 538 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

Here, there is a genuine issue of fact for trial.  The entire crux of Defendant's motion depends upon Plaintiff's agreement to be bound by the forty-day report provision.  However, Plaintiff states that he did not receive or sign the agreement, and Wachovia has produced no evidence that *Plaintiff* was given or otherwise took notice of the document to resolve this factual dispute. Rather, Wachovia's only mention of the deposit agreement involves its standard practice to mail deposit-agreement revisions–not that it mailed any revisions in this case or that Plaintiff received a deposit agreement initially. See Merck Aff., Dkt. No. [22-4] at ¶ 11.  As such, this is a genuine issue of fact and Defendant's Motion for Summary Judgment [22] is **DENIED**.

4

**SO ORDERED** this  7th  day of December, 2010.


_____
**RICHARD W. STORY**
United States District Judge